UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRELL V. STROZIER | CAUSE NO.: 1:20-CR-69 HAB |

**OPINION AND ORDER**

### I.   Introduction

Defendant, Darrell V. Strozier, pleaded guilty pursuant to a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). (ECF Nos. 26, 31). On June 17, 2021, the Court sentenced Defendant to 78 months' imprisonment followed by 3 years of supervised release. This mid-range sentence was grounded in the Defendant's total offense level of 23 and his criminal history category of IV, that together yielded a guideline range of 70-87 months' imprisonment (Presentence Investigation Report, ECF No. 41) ("PSR"). Defendant's criminal history category was based on a total of 7 criminal history points. As part of this calculation, Defendant received two additional points to his criminal history score, because he committed the offenses while under a criminal justice sentence.

Since Strozier was sentenced, the United States Sentencing Commission passed Amendment 821. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Because of the retroactive nature

of the Amendment, Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821. (ECF No. 56). The government does not oppose Defendant's eligibility under Part A of Amendment 821. The government does oppose Defendant's push for a low-end sentence of the reduced guideline range. (ECF Nos. 59, 60, 61). For the following reasons, the Court finds that a reduction in sentence is proper, and a sentence of 66 months' imprisonment is the appropriate sentence.

## **DISCUSSION**

### I.     Background

Defendant was originally indicted on two counts of being a felon in possession of a firearm. (ECF No. 13). The details of the offense are particularly disturbing as his possession of the firearm in count 1, the count to which he pleaded guilty, was associated with a violent shooting on September 20, 2020. (PSR, ¶¶s 1, 11-12). On that date, officers responded to a shots-fired call at the Dreamers Hookah Lounge in Fort Wayne, Indiana. Officers located parked cars in the area with damage from gunshots but could not locate any gunshot victims. Officers found over 30 shell casings of various calibers at the scene. Surveillance video from that evening showed Defendant exiting from the passenger side of a vehicle and shooting a handgun multiple times in the direction of a man approaching the vehicle. Two other individuals from the same vehicle also began shooting in the same direction as Defendant. (*Id.* ¶12). Firearms found in the Defendant's residence during execution of a search warrant confirmed that two of the firearms matched the caliber of shell casings found at the scene. In addition to this offense conduct, the PSR reported that Defendant was an admitted gang member and law enforcement records identified the Defendant as a "confirmed" gang member. (*Id.* ¶77).

Several months prior to the above shooting, the FBI received a Snap Chat video from Defendant's account. In that video, Defendant was in a vehicle with known gang members (one of whom was later murdered) inciting violence against rival gang members. In the video, Defendant offered to pay $50,000 to kill "the whole crew." (PSR, ¶8).

At Defendant's original sentencing, the government argued that the egregious offense conduct, Defendant's danger to the community, and his gang affiliation warranted a high-end sentence of 87 months. In determining the sentence, the Court considered the Defendant's strong support system, the fact that he had obtained his GED and completed some college courses and that he has had some forms of lawful employment. In aggravation, the Court emphasized the offense conduct, the Defendant's inciting rival gang through social media, and the Defendant's gang affiliation. After considering both the mitigators and the aggravators, the Court determined that a sentence of 78 months' imprisonment was a proper sentence.

Since his original sentencing the Defendant has participated in substantial prison rehabilitation programming.[1] He has had no disciplinary write-ups and has enrolled in a drywall/carpentry program to gain employable skills.

**II.     Legal Standard**

A motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified. Specifically, § 3582(c)(2) provides:

---

[1] Defendant has participated in Drug Education; S-OSHA 10 Certification; Accounting; NCCER Core; Introduction to Credit Management; Basic Tutor Training; Intro. Com. Driver's License; John Adams ACE Class; Introduction to Carpentry; GED; Starting a Small Business; S-ACT Work Keys; S-ServSafe Food Handling and Manager Certification; Smart Nutrition; History of World War2; Earth Science; MRSA in an Athletic Facility; and Lockdown - Vocabulary Building, Exploring Algebra, Early American History, and Bank on It.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range," U.S. SENT'G COMM'N, GUIDELINES MANUAL §1B1.10(b)(2)(A), p.s. (NOV. 2023) ("USSG.").[2] Nor can the reduced term of imprisonment be less than the term of imprisonment the defendant has already served. USSG §1B1.10(b)(2)(C), p.s. The policy statement makes exceptions for a defendant that has provided substantial assistance and cases involving mandatory minimum sentences. USSG §§1B1.10(b)(2)(B) and 1B1.10(c), p.s.

---

[2] In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." USSG. § 1B1.10, comment. (n.7). In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

4

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). The commentary to §1B1.10 requires the court to consider two additional factors: public safety and post-sentencing conduct. USSG §1B1.10 comment (n.1(B)(ii) and (iii)).

### III. Analysis

The Defendant's motion invokes Part A of Amendment 821. Part A permits a reduction in status points under certain circumstances. Defendant here received two status points and thus, under the amendments, his criminal history score would be reduced by two points – from 7 to 5 – with a corresponding change in his criminal history category from IV to III. As a result, application of the amendment reduces his guideline range from 70-87 months to 57-71 months.

As set out in the Introduction, the parties agree that Defendant is eligible for a reduced sentence. But therein lies the rub. Defendant advocates for a reduced sentence at the low-end of the reduced guidelines. He emphasizes his new-found maturity, as evidenced by a letter he wrote to the Court, his clean prison record and his post-sentencing rehabilitation efforts. The Government, in turn, repeats its position from the original sentencing: Defendant is a public safety risk, the offense conduct involved more than mere felony possession of the firearm, it involved

discharging it, and the Defendant's post-sentencing rehabilitation, while laudable, does not warrant a 21-month reduction.

The Court has considered the §3553 factors along with the Defendant's risk to public safety and his post-sentencing rehabilitation. Given the nature of the offense, which involved not only discharging a firearm but doing so in an attempt to harm an individual, the Defendant's risk to public safety cannot be overlooked. Defendant made social media posts encouraging violence (PSR ¶8) and discharged a firearm at another individual. Defendant's record, until he began serving this prison sentence, has been dismal. And, while the amendments remove the criminal history points for it, his record of not taking advantage of rehabilitation opportunities is evidenced by the fact that he was under a criminal justice sentence when he committed the instant offense. All that being said, the Defendants post-rehabilitation efforts are not in vain and the Defendant appears to be making strides in the right direction. For this reason, after considering all the relevant §3553 factors and the policy statement, the Court concludes that the Motion for Reduction should be GRANTED and the Defendant's sentence reduced to 66 months' imprisonment.

## CONCLUSION

The Defendant's Motion for Reduction (ECF No. 56) is GRANTED. The Clerk is DIRECTED to enter an amended judgment showing the Defendant's term of imprisonment reduced to 66 months. All other terms of Defendant's original sentence remain in effect.

SO ORDERED on February 1, 2024.

          s/ *Holly A. Brady*  
          CHIEF JUDGE HOLLY A. BRADY  
          UNITED STATES DISTRICT COURT